

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jos Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. 0-2882
Re: Liability of Official
Nursing Bureau, District
No. 12, Texas Graduate
Nurses Association, Beaumont,
Texas, for additional license.

Your letter dated October 31, 1940, requests the opinion of this department upon the above stated question. Your letter reads in part as follows:

"Inasmuch as Art. 5210, R. C. S., of the Employment Agency Law, provides that 'not more than one office shall be operated under any one license,' we shall appreciate your ruling on the facts as set out in the following letter which has just been received by this Department:

"'During a recent inspection tour, one of your Inspectors advised the Port Arthur branch of the Official Nursing Bureau, District No. 12, Texas Graduate Nurses Association, that they were operating illegally, in that they should pay additional tax.

"'We have only one Official Nursing Bureau, located in Beaumont, Texas, for District No. 12, with bond posted and tax paid. Inasmuch as the work in Port Arthur could not be handled advantageously in Beaumont, a branch was opened in Port Arthur, but all work done must clear through the Beaumont office.

"'Your inspector advised that we should pay another tax and bond in order to operate.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST

Honorable Joe Kunschik, Page 2

We have been advised by legal counsel, however, that we are operating within the law.

"'We shall appreciate your advice in this connection, in order that we may determine what steps we should take.'"

Article 5210, Vernon's Civil Statutes, 1925, reads in part:

"* * * Application for license to act as employment agent may be made in person or by mail to the Commissioner upon blank application forms which shall be verified by the applicant. Where the application is made by a firm, partnership or association of persons, it must be verified by each person for whose benefit the application is made, and such application shall also be accompanied by affidavits of at least five credible citizens, who have resided in the county in which such applicant desires to conduct the business of an employment agent, for at least three years, to the effect that the applicant or applicants has or have resided within the county in which such person or persons desires to become an employment agent for at least one year prior to the date of the application, and that such person or persons are of good moral character. * * * Such application shall be examined by the Commissioner, and if he finds that the same complies with the law and that the applicant is entitled to a license, then he shall issue a license to the applicant for each county for which application is made and shall deliver such license to the applicant upon the payment of a license fee of one hundred and fifty dollars for each county in which an employment office is to be maintained by said agent, and upon the presentation to and approval by the Commissioner of a good and sufficient bond executed by the applicant with good and sufficient surety in the penal sum of five thousand dollars, payable to the State of Texas, for each county where an employment office is to be maintained; * * * Not more than one office shall be operated under any one

Honorable Joe Kunschik, Page 3

license. * * *"

Article 5208, Vernon's Civil Statutes, 1925, and Article 1584, Vernon's Penal Code, 1925, define "employment office" as follows:

"The term 'Employment Office' means every place or office where the business of giving intelligence or information where employment or help may be obtained or where the business of an employment agent is carried on. * * *" (Underscoring ours.)

As will be seen from Articles 5208 (and 1584), supra, an employment office is any and every place or office where the business of giving intelligence or information where employment or help may be obtained, or where the business of an employment agent is carried on, and it is our opinion that the Port Arthur "branch office" comes within the terms of this definition.

It is clear from the very wording of Article 5210, supra, that only one such office may be operated under any one license. No exception is made, either expressed or by necessary implication, permitting the operation or maintenance of a so-called "branch office", but on the other hand the Legislature, in enacting the underscored portion of Article 5208, supra, in all probability had in mind just such a situation and just such a state of facts as is involved in the instant case.

Even though all work done in Port Arthur through the "branch office" of the Official Nursing Bureau, District No. 12, Texas Graduate Nurses Association, must clear through the Beaumont office, it cannot be denied that the Port Arthur office is a place or office within the terms of the above definition of "employment office" where the business of the agent or agency is carried on.

For the foregoing reasons, you are respectfully advised that it is our opinion that the license issued by the Bureau of Labor Statistics to instant employment agency authorizes said agency to operate only the one office in Beaumont and that in order for such agency to legally operate the Port Arthur office an additional license must be obtained.

Trusting that the above satisfactorily disposes of your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *D. Burle Daviss*

D. Burle Daviss
Assistant

DBD:RC

APPROVED NOV 22, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS